Ortiz-Morales v. Blanche

BIA
DeCure, IJ
A 220 576 789, A 220 999 188/189/190

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand twenty-six.

PRESENT:
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> MYRNA PÉREZ,
> > *Circuit Judges.*

_____

LUIS ORTIZ-MORALES, JOHANA GABRIELA ZUCOSHANAY-ARIAS, C. O.-Z., J. O.-Z.,
> *Petitioners,*

v.

TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

24-231
NAC

_____

**FOR PETITIONERS:**        Michael Borja, Esq., Borja Law Firm, P.C., Jackson Heights, NY

**FOR RESPONDENT:**       Sarah A. Byrd, Senior Litigation Counsel; Stephanie L. Groff, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Luis Ortiz-Morales, his wife Johana Gabriela Zucoshanay-Arias, and their two minor children, all natives and citizens of Ecuador, seek review of a December 26, 2023, decision of the BIA affirming a July 21, 2023, decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ortiz-Morales, et al.,* Nos. A 220 576 789, A 220 999 188/189/190 (B.I.A. Dec. 26, 2023), *aff'g* Nos. A 220 576 789, A 220 999 188/189/190 (Immig. Ct. N.Y. City July 21, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

## I.    Asylum & Withholding of Removal

An applicant for asylum and withholding of removal has the burden to establish past persecution or, alternatively, a well-founded fear or likelihood of

future persecution, and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see id.* § 1231(b)(3)(A) (similar); 8 C.F.R. §§ 1208.13(b), 1208.16(b); *see also Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (holding that the "one central reason" standard applies to both asylum and withholding of removal).

Before the IJ, Ortiz-Morales identified protected grounds of indigenous race and particular social groups of landowners and landowners with small holdings. The IJ determined that he failed to establish a nexus between the alleged harm— theft of his farm's property, extortion, and a beating—and these protected grounds. The BIA then found that he waived review of the IJ's nexus findings by failing to address them on appeal. As he does not address the BIA's waiver finding in his brief here, he has abandoned review of the nexus determination, which is dispositive of asylum and withholding of removal. *See Prabhudial v. Holder*, 780 F.3d 553, 555–56 (2d Cir. 2015) (holding that when the BIA finds that an issue has been waived, "this Court's review is limited to whether the BIA erred in deeming the argument waived"); *see also Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments

constitutes abandonment." (citation and internal quotation marks omitted)). His argument that the agency applied the wrong legal standard for withholding of removal is foreclosed by prior precedent that withholding of removal has the same nexus requirement as asylum. *See Quituizaca*, 52 F.4th at 109–14.

Ortiz-Morales separately argues that he established that he is part of a particular social group of individuals who "witnessed and opposed criminal activity." Ortiz-Morales Br. at 8. However, relying on its own waiver rules, the BIA declined to reach this group because it was not raised before the IJ. *See Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191–92 (B.I.A. 2018) (holding that an applicant must clearly articulate any proposed particular social groups before the IJ). Ortiz-Morales does not challenge this waiver finding, *see Debique*, 58 F.4th at 684, and we will not consider in the first instance the cognizability of this group or whether he established a nexus to it, *see Prabhudial*, 780 F.3d at 555 ("[W]here the agency properly applies its own waiver rule and refuses to consider the merits of an argument that was not raised [before the IJ], we will not permit an end run around those discretionary agency procedures by addressing the argument for the first time in a petition for judicial review." (second alteration in original) (citation and quotation marks omitted)).

4

## II. CAT Relief

A CAT applicant has the burden to establish that he will "more likely than not," 8 C.F.R. §§ 1208.16(c)(2), be tortured "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity," *id.* § 1208.18(a)(1). *See also Garcia-Aranda v. Garland*, 53 F.4th 752, 758–59 (2d Cir. 2022) (describing this as "two-step inquiry" requiring likely torture and "sufficient state action").

Ortiz-Morales does not address the agency's findings that he did not sufficiently establish either a likelihood of torture or that Ecuadorian officials would acquiesce to torture, and thus abandons those dispositive issues. *See Debique*, 58 F.4th at 684. Regardless, Ortiz-Morales's argument that CAT relief does not require government acquiescence is unsupported and insufficiently argued. *See* 8 C.F.R. §§ 1208.16(a)(1); *see also Guarchaj-Guachiac v. Blanche*, No. 24-128, 2026 WL 1210065, at *2 (2d Cir. May 1, 2026) (summary order) (rejecting similar argument).

## III. Referral to the Grievance Panel

A copy of this order will be forwarded to this Court's Grievance Panel. As explained above, the brief fails to address dispositive issues.

For the foregoing reasons, the petition for review is DENIED.   All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court